IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CLIFF BLUNTSON,**

    **Plaintiff,**

vs.                                    **CASE NO. 4:06CV417-MMP/AK**

**PAUL ALLEN, et al,**

    **Defendants.**

### REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se,* has filed a complaint under 42 U.S.C. §1983 against employees at Hamilton Work Camp in Jasper, Florida.  (Doc. 1).  Because Hamilton Work Camp is located in the Middle District of Florida, as are the Defendants, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988).  The Lipofsky court did not place the same limitations on the court's ability to transfer a case

to the appropriate forum pursuant to 28 U.S.C. § 1404(a).  *See* Lipofsky, 861 F.2d at 1259, n. 2.  Thus, it is recommended that the case be transferred rather than dismissed.  There is no need for a hearing on this transfer.  *Cf.* Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) *with* Starnes v. McGuire, 512 F.2d 918, 934 (D.C. Cir. 1974).

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this **27th**  day of October, 2006.


s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**